IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA   )
                           )
VS.                        )   4:19cr-00218-04 KGB
                           )
VICTOR THOMPSON            )

## MOTION TO SUPPRESS PHYSICAL EVIDENCE BASED ON INITIALLY ILLEGAL ENCOUNTER ABSENT REASONABLE SUSPICION IN VIOLATION OF THE FOURTH AMENDMENT AND MEMORANDUM IN SUPPORT

Defendant moves to suppress the results of the search of the curtilage and interior of the residence located at 1616 W 24th Street based on law enforcement's initial seizure being unreasonable in violation of the Fourth Amendment to the U.S. Constitution.

### I. Facts at Bar

On April 3, 2019, a detective driving an unmarked vehicle observed four black males standing next to a car parked in the driveway of the residence located at 1616 W 24th Street. *See Incident Report Narrative by LRPD Officer Jarmall Lovelace, attached as Exhibit A*. According to Lovelace's narrative, one of the black males was armed with "a pistol grip assault style rifle." *Exhibit A*. According to Lovelace, the detective then "initiated the siren on his vehicle and exited his vehicle and ordered the four subjects to the ground as additional Task Force officers arrived." *Exhibit A*.

During the subsequent encounter, law enforcement located alleged contraband in the area outside the residence, and then—after obtaining a search warrant—in the residence itself. *Exhibit A*.

## II. Law Enforcement Lacked Probable Cause or Reasonable Suspicion to Justify the Initial Seizure.

The Fourth Amendment protects against "unreasonable searches and seizures." U.S. Const. amend. IV. A seizure occurs for purposes of the Fourth Amendment when an officer, "by means of physical force or show of authority, has in some way restrained the liberty of a citizen . . . ." *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968). *Terry* approved of a temporary seizure for investigation when a police officer "observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot." *Id.* at 30.

Arkansas law is well-settled that a person is "seized" for purposes of the Fourth Amendment when law enforcement effectuate a stop by using their blue lights. *See Meeks*, 2016 Ark. App. 9, at 4, 479 S.W.3d at 561; *Stevens v. State*, 91 Ark. App. 114, 208 S.W.3d 843 (2005); *Hammons v. State*, 327 Ark. 520, 940 S.W.2d 424 (1997); *State v. McFadden*, 327 Ark. 16, 938 S.W.2d 797 (1997).

An officer must have reasonable suspicion before making such an investigatory stop. *Terry*, 392 U.S. at 21-22. Reasonable suspicion means "particularized, objective facts which, taken together with rational inferences from those facts, reasonably warranted suspicion that a crime is being committed."

2

*United States v. Martin*, 706 F.2d 263, 265 (8th Cir. 1983). Further, officers "must be acting on facts directly relating to the suspect or the suspect's conduct and not just on a 'hunch' or on circumstances which describe a very broad category of predominantly innocent travelers." *United States v. Beck*, 140 F.3d 1129, 1136 (1998) (internal citations omitted).

According to the officers' reports, the FBI Get-Rock Task Force was "monitoring the area of 1600 block of West 24th Street in reference to recent gang activity and drive by shootings in the area." *Exhibit A*. An officer observing one person holding an "assault style rifle" outside a home located in an area with "recent gang activity" was insufficient to justify the officers' initial seizure.

That is because merely carrying a weapon, whether concealed or unconcealed, whether carrying a permit to carry concealed or no, is not a crime in the State of Arkansas. *See Taff v. State*, 2018 Ark. App. 488, at 9, 562 S.W.3d 877, 882 ("Merely possessing a weapon is not a crime in the State of Arkansas."); Ark. Code Ann. § 5-73-120; Op. Ark. Att'y No. 064 (2015) ("[I]n general merely possessing a handgun on your person or in your occupied vehicle does not violate § 5-73-120(a), and may be done if it does not violate other laws or regulations."); 2019 Ark. HR1013 ("Arkansas is a constitutional carry state, with no permit required to carry a handgun, either *unconcealed* or concealed"); 2019 Ark. SR18.

Merely standing in an area allegedly known for gang activity while armed with a firearm is not a crime. Without more, it is insufficient for reasonable suspicion of any crime. If anything, it is perfectly reasonable that someone in such an area would want to arm themselves in case of a shooting. Officers lacked reasonable suspicion for the initial seizure accordingly.

Under the fruit-of-the-poisonous-tree doctrine, the exclusionary rule bars admission of physical evidence and/or live witness testimony obtained directly or indirectly through the exploitation of police illegality. *Hamilton v. Nix*, 809 F.2d 463, 465 (8th Cir. 1987) (quoting *Wong Sun v. United States*, 371 U.S. 471, 484-88 (1963)). This extends to evidence seized pursuant to search warrant who were only acquired based on illegally obtained information or evidence, such as here. *See, e.g., United States v. Williams*, 604 F.2d 1102 (8th Cir. 1979). All alleged contraband was ultimately recovered based on this initial illegality, and must be suppressed accordingly.

## II. The Search Warrant at Issue was Based on Illegally Obtained Information and Was Therefore Invalid as a Matter of Law.

In applying the exclusionary rule, "[t]he sufficiency of a warrant affidavit which contains information from an unlawful search is evaluated after deleting that information." *United States v. Davis*, 760 F.3d 901 (8th Cir. 2014). Here, literally information contained in the affidavit for the search warrant was based on

information gleaned during the initially illegal encounter discussed above. *See Affidavit for Search & Seizure Warrant & Search Warrant*, attached as Exhibit B.

Absent such illegally obtained information, there is nothing left remaining to support issuance of the search warrant. All evidence seized pursuant to that search warrant must be excluded accordingly.

Respectfully submitted,

William O. "Bill" James, Jr.
WILLIAM O. "BILL" JAMES, JR. (1994108)
Attorney for Defendant
James Law Firm
1001 La Harpe Blvd.
Little Rock, AR 72201
(501) 375-0900
Email: wojfeds@gmail.com

### CERTIFICATE OF SERVICE

I hereby certify that on Monday, September 16, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Benicia Betton Moore
Assistant United States Attorney
P.O. Box 1229
Little Rock, AR 72203

William O. "Bill" James, Jr.
WILLIAM O. "BILL" JAMES, JR. (1994108)

ON APRIL 3, 2019 AT APPROXIMATELY 1400 HOURS MEMBERS OF THE FBI GET-ROCK TASK FORCE CONSISTING OF MEMBERS OF THE LITTLE ROCK POLICE DEPARTMENT, NORTH LITTLE ROCK POLICE DEPARTMENT, PULASKI COUNTY SHERIFF OFFICE, AND ARKANSAS STATE POLICE WERE MONITORING THE AREA OF 1600 BLOCK OF WEST 24TH STREET IN REFERENCE TO RECENT GANG ACTIVITY AND DRIVE BY SHOOTINGS IN THE AREA. TASK FORCE OFFICERS HAD ALSO RECEIVED INFORMATION THAT SUBJECTS COMMONLY SELL NARCOTICS AND OPENLY CARRY WEAPONS, INCLUDING BUT NOT LIMITED TO ASSAULT STYLE RIFLES.

A DETECTIVE WAS DRIVING AN UNMARKED VEHICLE EASTBOUND ON 24TH STREET WHEN HE OBSERVED FOUR BLACK MALES STANDING NEXT TO VEHICLE 1 PARKED NEXT TO THE STREET IN THE DRIVEWAY OF 1616 WEST 24TH STREET WHICH IS NEXT DOOR TO 1606 WEST 24TH STREET. AS THE DETECTIVE PASSED THE VEHICLE, HE OBSERVED ONE OF THE BLACK MALES, LATER IDENTIFIED AS (SUSPECT 3) MARVELL HARRIS ARMED WITH A PISTOL GRIP ASSAULT STYLE RIFLE. THE DETECTIVE INITIATED THE SIREN ON HIS VEHICLE AND EXITED HIS VEHICLE AND ORDERED THE FOUR SUBJECTS TO THE GROUND AS ADDITIONAL TASK FORCE OFFICERS ARRIVED. ALL DETECTIVES WERE CLEARLY MARKED WITH POLICE AND LAW ENFORCEMENT INSIGNIA ON THEIR EXTERIOR VESTS. MARVELL HARRIS AND TWO OF THE OTHER SUBJECTS LATER IDENTIFIED AS (SUSPECT 1)DARYL MCFADDEN , AND (SUSPECT 4) SHAHAQUON FLETCHER ALL COMPLIED WITH OFFICERS COMMANDS. THE FOURTH SUBJECT, LATER IDENTIFIED AS (SUSPECT 5) VICTOR THOMAS, IGNORED COMMANDS AND FLED INTO THE RESIDENCE LOCATED AT 1606 WEST 24TH STREET. THIS INDIVIDUAL WAS CARRYING A BROWN AND GOLD LUIS VUITTON BAG WHICH HE DROPPED ON THE FRONT STEPS OF THE RESIDENCE AS HE RAN INSIDE. THOMAS WAS ALSO ARMED WITH AN UNKNOWN PISTOL. SA HUBBARD OBSERVED HIM WITH THE GUN IN HIS RIGHT HAND AS HE ENTERED THE RESIDENCE LOCATED AT 1606 W 24TH STREET. (SUSPECT 2) BILAYRAH MUHAMMAD WAS SITTING IN THE DRIVERS SEAT OF V1 WHILE THE ENGINE WAS RUNNING. (SUSPECT 2) BILAYRAH WAS ASKED TO STEP OUT OF V1 AND PLACED INTO HANDCUFFS.

ALL SUSPECTS WERE SECURED AND A PERIMETER WAS ESTABLISHED AROUND THE RESIDENCE LOCATED AT 1606 W. 24TH STREET. OFFICERS MADE ANNOUNCEMENTS FOR THE OCCUPANT OF THE RESIDENCE TO EXIT THE RESIDENCE WITH HIS HANDS UP. AFTER SEVERAL ATTEMPTS THOMAS EXITED THE RESIDENCE LOCATED AT 1606 W 24TH AND SURRENDERED TO OFFICERS. (SUSPECT 5)THOMPSON WAS IDENTIFIED AS THE SAME PERSON SA HUBBARD OBSERVED FLEEING INTO THE RESIDENCE ARMED WITH AN UNKNOWN PISTOL AND IN POSSESSION OF THE AFOREMENTIONED BACKPACK. WHEN ASKED BY OFFICERS WHERE HIS FIREARM WAS, THOMAS DENIED HAVING A GUN.ALL FIVE(5) SUSPECTS WERE TAKEN INTO CUSTODY AND TRANSPORTED TO 12TH STREET SUBSTATION.

OFFICERS RECOVERED THE LUIS VUITTON BAG AND FOUND IT TO CONTAIN APPROXIMATELY A HALF OF A POUND OF GREEN VEGETABLE MATTER (MARIJUANA), TWO BOXES OF BLAZER .40 CALIBER AMMUNITION, A FULLY CHARGED GLOCK .40 CALIBER MAGAZINE, A DIGITAL SCALE, AND ARKANSAS IDENTIFICATION CARD OF (SUSPECT 5)VICTOR THOMPSON.

(SUSPECT 1) MCFADDEN WAS CHARGED WITH THEFT BY RECEIVING, POSSESSION OF DRUG PARAPHERNALIA, SIMULTANEOUS POSSESSION OF DRUG & FIREARM, AND POSSESSION OF A SCHEDULE VI WITH PURPOSE ( MARIJUANA).(SUSPECT 2) MUHAMMAD WAS CHARGED WITH THEFT BY RECEIVING, POSSESSION OF DRUG PARAPHERNALIA, SIMULTANEOUS POSSESSION OF DRUG & FIREARM, AND POSSESSION OF A SCHEDULE VI WITH PURPOSE( MARIJUANA).(SUSPECT 4) FLETCHER WAS CHARGED WITH THEFT BY RECEIVING, POSSESSION OF DRUG PARAPHERNALIA, SIMULTANEOUS POSSESSION OF DRUG & FIREARM, AND POSSESSION OF A SCHEDULE VI WITH PURPOSE( MARIJUANA).( SUSPECT 5) THOMPSON WAS CHARGED WITH FLEEING, POSSESSION OF DRUG PARAPHERNALIA, SIMULTANEOUS POSSESSION OF DRUG & FIREARM, AND POSSESSION OF A SCHEDULE VI WITH PURPOSE( MARIJUANA). ( SUSPECT 3) HARRIS WAS CHARGED WITH THEFT BY RECEIVING, POSSESSION OF DRUG PARAPHERNALIA, SIMULTANEOUS POSSESSION OF DRUG & FIREARM, POSSESSION OF A SCHEDULE VI WITH PURPOSE( MARIJUANA), POSSESSION FIREARM BY CERTAIN PERSON. ALL SUSPECTS WHERE TRANSPORTED TO PRCJ.
ALL THE PROPERTY LOCATED INSIDE OF 1606 W 24TH AND V1 WAS TOWED & STORED AT FBI LITTLE ROCK PROPERTY

Exhibit A

STATE OF ARKANSAS)

)

COUNTY OF PULASKI)

2019 APR -4 AM 9: 55

BY: _CXMS_

BEFORE: The Honorable Melanie Martin, District Judge, City of Little Rock, Arkansas

# AFFIDAVIT FOR SEARCH & SEIZURE WARRANT

Comes Grant Humphries of the Little Rock Police Department Major Crimes Division, and on oath states that he has reasonable cause to believe that in the premises, vehicles, outbuilding and curtilage located at 1606 West 24th Street, in Little Rock, Pulaski County, Arkansas, further described as blue and white two story single family residence with concrete steps leading up to the front porch , the house is clearly marked with 1606 on the front of the residence, and in said premises being lived in by Daryl McFadden, there is certain property being concealed that is evidence of fruit of a crime, contraband, evidence of the crime, including but not limited to, firearms, ammunition, cell phones, US Currency, and narcotics. (Photo of residence attached)

## FACTS CONSTITUTING REASONABLE CAUSE:

On April 3, 2019 at approximately 1400 hours members of the FBI Get-Rock Task Force consisting of members of the Little Rock Police Department, North Little Rock Police Department, Pulaski County Sherriff's Office, and Arkansas State Police were monitoring the area of 1600 block of West 24th street in reference to recent gang activity and drive by shootings in the area. Task Force Officers had also received information that subjects commonly sell narcotics and openly carry weapons, including but not limited to assault style rifles.

FBI SA J. Hubbard was driving an unmarked vehicle Eastbound on 24th Street when he observed four black males standing next to a blue 2014 Dodge Challenger bearing AR LPN#402VJG (VIN: 2C3CDYAG4EH306539) parked next to the street in the driveway of 1616 West 24th Street which is next door to 1606 West 24th Street. As SA Hubbard passed the vehicle he observed one of the black males, later identified as Marvell Harris (B/M, 12/21/1993) armed with a pistol grip assault style rifle. SA Hubbard initiated the siren on his vehicle and exited his vehicle and ordered the four subjects to the ground as additional Task Force Officers arrived. All officers were clearly marked with police and law enforcement insignia on their exterior vests. Marvell Harris and two of the other subjects later identified as Daryl McFadden (B/M, 3/1/1990), and Shahaquon Fletcher (B/M, 08/20/1996) all complied with officer's commands. The fourth subject, later identified as Victor Thomas (B/M, 10/08/1987), ignored commands and fled into the residence located at 1606 West 24th Street. This individual was carrying a brown and gold Luis Vuitton bag which he dropped on the front steps of the residence as he ran inside. Thomas was also armed with an unknown pistol. SA Hubbard observed him with the gun in his right hand as he entered the residence located at 1606 W 24th Street.

All suspects were secured and a perimeter was established around the residence located at 1606 W. 24th Street. Officers made announcements for the occupant of the residence to exit the residence with his hands up. After several attempts Thomas exited the residence located at 1606 W 24th and surrendered to Officers. Thomas was identified as the same person SA Hubbard observed fleeing into the residence armed with an unknown pistol and in possession of the aforementioned backpack. When asked by Officers where his firearm was, Thomas denied having a gun.

Officers recovered the Luis Vuitton bag and found it to contain approximately a half of a pound of green vegetable matter (marijuana), two boxes of Blazer .40 caliber ammunition, a fully charged Glock .40 caliber magazine, a digital scale, and Arkansas identification card of Victor Thomas. (Photo of Luis Vuitton bag and contents attached)

Exhibit B

residence, and in said premises being lived in by Daryl McFadden, and prays that a Search and Seizure Warrant be issued allowing a search of the residence and curtilage. (Photo of residence attached)

_____
Detective Grant Humphries
NAME AND TITLE OF AFFIANT

## COURT

After questioning the Affiant on the content of his affidavit and upon his oath that his statements are true and correct, I hereby find that this Affidavit establishes a reasonable cause to believe that the requested search will discover the above-named items at above-named premises and do hereby authorize the issuance of a Search and Seizure Warrant.

Subscribed and sworn to before me on this __3__ day of __April__, 2019.

_Melanie M. Martin_
Honorable M. Martin
DISTRICT JUDGE

LRDC

I, _____, Clerk of the Little Rock District Court-Criminal Division, do certify this to be a true and correct copy of the ___Search + Seizure Warrant___ filed in this office on the ___ day of ____, 20__ on ___LCDC, Little Rock 600 W Markham Street LR AR___

34

IN THE DISTRICT COURT OF LITTLE ROCK, ARKANSAS

STATE OF ARKANSAS )
)
COUNTY OF PULASKI )

BY: CROPS

## SEARCH WARRANT

TO ANY LAW ENFORCEMENT OFFICER OF THE STATE OF ARKANSAS:

I, THE HONORABLE Melanie Martin, on this 3rd day of April 2019 at 505 pm hours, hereby find that there is reasonable cause to search <u>at 1606 West 24th Street, in Little Rock, Pulaski County, Arkansas, further described as blue and white two story single family residence with concrete steps leading up to the front porch, the house is clearly marked with 1606 on the front of the residence, and in said premises being lived in by Daryl McFadden</u>, and that my finding of probable cause is based on the affidavit for search warrant consisting of two pages, filed before me on <u>April 3, 2019</u>, and is attached.

You are hereby commanded to search forthwith the residence described above and if said property or things are found to seize the property, leave a copy of this warrant and a receipt listing the items seized with the person in apparent control of the property, or post it on the premises, if no such person is present, and make return to me no later than five (5) days after execution thereof.

This warrant shall be executed immediately upon its issuance, between the hours of 6:00 A.M. and 8:00 P.M.

This warrant signed at _____Little Rock District Court_____.

_Melanie W Martin_
The Honorable M. Martin

Little Rock District Court

I, Christopher T. Payne, clerk of the Little Rock District Court Criminal Division, do certify this to be a true and correct copy of the SEARCH WARRANT filed in this office on the 4 day of April 20 19 on 1606 W 24th ST. LR, AR

35