IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                       ) | No. 4:19CR00218-04 KGB |
| ) | |
| VICTOR THOMPSON        ) | |

**UNITED STATES' RESPONSE TO
DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE**

The United States of America, by and through its attorney, Cody Hiland, United States Attorney for the Eastern District of Arkansas, and Benecia B. Moore, Assistant United States Attorney, requests that the Court deny defendant's motion to suppress physical evidence (Doc. No. 43).

**FACTS**

On Wednesday, April 3, 2019, at around 2:00 p.m., FBI Special Agent Josh Hubbard ("SA Hubbard") was driving down the 1600 block of West 24th Street in Little Rock, with other members of the FBI GETROCK Task Force in the vicinity. That area of West 24th Street is known to law enforcement for its high violent-crime rate, gang activity and frequent drive-by shootings. In addition, agents received information that day that subjects were out on the 1600 block of West 24th Street selling narcotics and openly carrying weapons, to include assault-style rifles.

SA Hubbard was driving an unmarked Ford Edge eastbound on West 24th Street when he observed four black males standing next to the passenger side of a blue Dodge Challenger with the passenger-side door open. The Dodge Challenger was parked close to the street in the driveway of 1616 West 24th Street, which is next door to 1606 West 24th Street. As SA

1

Hubbard pulled toward the Dodge Challenger to initiate a consensual encounter with the individuals standing next to the car, he saw that one of the men was armed with a pistol-grip, assault-style rifle.   SA Hubbard, who was alone in an unmarked vehicle, initiated the siren on his vehicle so that the individuals would know that he was law enforcement, exited his vehicle, and ordered the men to the ground for officer safety.   The individual holding the weapon, later identified as Marvell Harris, dropped the rifle and complied with SA Hubbard's commands.   Two of the other individuals standing next to the car, later identified as Darryl McFadden and Shaquon Fletcher, also complied with SA Hubbard's commands.   The fourth individual standing next to the car, later identified as Victor Thompson, ignored SA Hubbard's commands to get down on the ground and fled toward the residence at 1606 West 24th Street.   While he was running, SA Hubbard observed Thompson holding a black pistol in his right hand with a light or laser sight mounted to the frame.   Thompson was also carrying a brown and gold Louis Vuitton backpack when he took off running, but he dropped it on the front steps of 1606 West 24th Street as he ran inside the front door of the residence.

     Inside of the Dodge Challenger, agents located Bilayrah Muhammad sitting in the driver's seat.   All subjects were secured and a perimeter was established around the residence at 1606 West 24th Street.   Agents made announcements over a PA system for Thompson to come out of the house.   After several commands, Thompson exited the residence without the firearm.

     Inside the Louis Vuitton bag abandoned by Thompson, agents found approximately 300 grams of suspected marijuana, two boxes of Blazer .40 caliber ammunition, a fully-charged Glock .40 caliber magazine, digital scales, an Arkansas identification card for Victor Thompson, and two bank cards in the name of Victor Thompson.   In plain view in the Dodge Challenger,

agents saw a pistol with an extended magazine in the front passenger seat. Also recovered from the Dodge Challenger was a stolen pistol in the front passenger floorboard, a black bag containing approximately 1.2 kilograms of marijuana, and another pistol-grip, assault-style rifle with a fully loaded magazine in the back seat.

Based on the foregoing, GETROCK Task Force member, Little Rock Police Department Officer Grant Humphries, applied for and received a search warrant for the residence at 1606 West 24th Street. Recovered from inside the house was the pistol SA Hubbard saw Thompson running with, along with nine other firearms, 15 magazines for firearms – some high-capacity magazines, a large amount of assorted ammunition, and body armor.

## DISCUSSION

The defendant claims that SA Hubbard did not have reasonable suspicion or probable cause to justify his seizure on April 3, 2019. Thus, according to the defendant, all evidence recovered after the defendant's allegedly illegal seizure must be suppressed. This argument is fatally flawed for several reasons.

The defendant argues that he was illegally seized for "merely standing in an area allegedly known for gang activity while armed with a firearm," which is not a crime and is insufficient for reasonable suspicion. Def. Br. at 4. However, based on Supreme Court, Eighth Circuit, and Arkansas state precedent, the defendant was not "seized" when he first encountered SA Hubbard because he refused to comply with SA Hubbard's commands and fled while holding a firearm in his right hand. *See California v. Hodari D.*, 499 U.S. 621, 626 (1991) ("The narrow question before us is whether, with respect to a show of authority as with respect to application of physical force, a seizure occurs even though the subject does not yield. We hold that it does

3

not."); *United States v. Houston*, 920 F.3d 1168, 1172 (8th Cir. 2019) ("But it is well established that 'police pursuit in attempting to seize a person does not amount to a 'seizure' within the meaning of the Fourth Amendment."); *United States v. Taylor*, 462 F.3d 1023, 1026 (8th Cir. 2006) (holding defendant was not seized when he stopped the car and fled on foot); *Simmons v. State of Arkansas*, 83 Ark. App. 87, 93 (Ark Ct. App. 2003) ("Appellant was not seized until the officer physically apprehended him."). Because Thompson did not comply and submit to SA Hubbard's show of authority when he was ordered to "get down on the ground," there was no seizure, and the Fourth Amendment does not apply to the initial encounter with Thompson. *Houston*, 920 F.3d at 1172.

The undisputed facts show that after SA Hubbard approached the individuals standing outside of 1616 W. 24th Street, Thompson fled into the residence at 1606 W. 24th Street holding a handgun. After several commands to come out of the house, Thompson finally complied and was then detained by law enforcement. At the time Thompson was detained, agents had reasonable suspicion to believe the defendant was participating in criminal activity.

"Under *Terry v. Ohio*, an officer may stop an individual if the officer has reasonable suspicion that 'criminal activity may be afoot.'" *Id*. This Court determines whether reasonable suspicion exists based on the totality of the circumstances, in light of the officer's experience. *Id*. Reasonable suspicion must be based on specific and articulable facts, taken together with rational inferences from those facts. *United States v. Stewart*, 631 F.3d 453, 457 (8th Cir. 2011). "Factors that may reasonably lead an experienced officer to investigate include time of day or night, location of the suspect parties, and the parties' behavior when they become aware of the officer's presence." *United States v. Dawdy*, 46 F.3d 1427, 1429 (8th Cir. 1995).

Here, several facts gave rise to reasonable suspicion. One, Thompson was encountered standing in a high-crime area, on a street known for gang activity and drive-by shootings, in the middle of the day, holding a pistol, with another person who was holding a pistol-grip, assault-style rifle. Two, Thompson fled when SA Hubbard approached and ordered everyone to the ground. Three, during flight, Thompson was holding a black pistol in his right hand with a light or laser sight mounted to the frame. Four, Thompson ran into a house with a firearm, and after several commands to come out, exited the house without the firearm. "[F]light from officers in an area known for gun-related crime [is] sufficient to justify a reasonable suspicion of criminal activity." *Houston*, 920 F.3d at 1172; *see also Illinois v. Wardlow*, 528 U.S. 119, 124 (2000) (holding that presence in an area of heavy narcotics trafficking, along with unprovoked flight upon noticing the police, can give rise to reasonable suspicion); *United States v. Hightower*, 716 F.3d 1117, 1121 (8th Cir. 2013) ("Although simply ignoring the police cannot be the basis for reasonable suspicion, conduct beyond merely ignoring, such as attempting to flee, can create reasonable suspicion to support a *Terry* stop.").

In addition, even if Thompson is correct that "merely carrying a weapon" is not be a crime in the State of Arkansas, that does not mean SA Hubbard is precluded from considering the fact that Thompson was armed when forming reasonable suspicion that a crime is being committed. *See United States v. Pope*, 910 F.3d 413, 417 (8th Cir. 2018) ("The presumptive lawfulness of an individual's gun possession in an particular State does next to nothing to negate the reasonable concern an officer has for his own safety when forcing an encounter with an individual who is armed with a gun and whose propensities are unknown."); *see also United States v. Barker*, 437 F.3d 787, 790 (8th Cir. 2006) (holding that when an officer observes

5

someone with a firearm in an area known for criminal activity involving firearms, reasonable suspicion arises). In sum, based on the specific articulable facts known to SA Hubbard, taken together with rational inferences from those facts, SA Hubbard had reasonable suspicion that the defendant was participating in criminal activity.

Because the facts upon which the search warrant for 1606 West 24th Street were based were not obtained illegally, there is no basis to suppress the evidence recovered as a result of the execution of that search warrant. Notably, the defendant does not argue that agents had no probable cause to search the residence, just that the facts upon which probable cause was based were illegally obtained. As that assertion is plainly erroneous, there is no basis to suppress the evidence obtained in this case.

Lastly, the defendant lacks standing to challenge the search of 1606 West 24th Street because he had no expectation of privacy there. Thompson did not reside at 1606 West 24th Street; it is the residence of Thompson's co-defendant, Darryl McFadden. *United States v. Mendoza*, 281 F.3d 712, 715 (8th Cir. 2002) (discussing factors to consider in determining reasonable expectation of privacy include whether individual had possessory interest, whether individual could exclude others, and whether individual had a key).

[continued on next page]

## **CONCLUSION**

For the reasons stated herein, the defendant's motion to suppress should be denied.

                                         Respectfully Submitted,

                                         CODY HILAND
                                         United States Attorney

                                         By: BENECIA B. MOORE
                                         Assistant U.S. Attorney
                                         Bar # 2006050
                                         P.O. Box 1229
                                         Little Rock, AR   72203
                                         501-340-2600
                                         Benecia.Moore@usdoj.gov